UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WHITAKER,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SHOE CARE, INC.,<br><br>　　　　　Defendant. | Case No.  CV-19-06089 AB (AFMx)<br><br>ORDER **GRANTING** MOTION TO DISMISS |

　　　Before the Court is Defendant Shoe Care Inc.'s ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1) ("Motion," Dkt. No. 15). Plaintiff Brian Whitaker ("Plaintiff") filed an opposition[1], Defendant did not file a reply. The Court **GRANTS** the Motion with leave to amend.

---

[1] The Court very recently granted a very similar motion to dismiss, regarding a very similar Complaint, litigated by the same counsel herein. *See Luis Marquez v. ARCP UO Portfolio IV, LP et al.*, CV 19-03841, 7-18-2019 Order Granting Motion to Dismiss (Dkt. No. 21). Given Plaintiff's counsel's high volume of ADA litigation in this district, the Court expects them to learn from experience and take obvious steps to avoid burdening the Court with unnecessary motions or arguments. Given the Order in *Marquez,* which covers most of the same issues and results in a similar disposition, Plaintiff should have filed a First Amended Complaint mooting at least some of the grounds addressed herein instead of opposing the motion and forcing the Court to adjudicate it in its entirety. *See* Fed. R. Civ. P. 15(a)(1)("Amendments as a Matter of Course"). The Court expects counsel to heed this admonition going forward.

1.

## I. BACKGROUND

Brian Whitaker ("Plaintiff") is a quadriplegic whose ability to walk is substantially limited and he uses a wheelchair for mobility. Compl. ¶ 1. Defendant Shoe Care Inc. ("Defendant") owns Campus Shoe Repair. *Id.* ¶ 3.

Plaintiff went to Campus Shoe Repair in February 2019 "to avail himself of its items," and alleges that "the defendants failed to provide an accessible sales counter." *Id.* ¶¶ 8, 12. Plaintiff alleges that he personally encountered this barrier to access and was thereby denied full and equal access and experienced "difficulty and discomfort." *Id.* ¶¶ 13-15. Plaintiff also alleges that the barrier can be easily removed without much difficulty or expense and removal is readily achievable. *Id.* ¶ 17. Plaintiff alleges that he will return to Defendant's premises to avail himself of its items and determine compliance with the Americans with Disabilities Act, 42 U.S.C. § 12101, but is currently deterred from doing so because of the existing barriers. *Id.* ¶ 18.

Plaintiff asserts claims under the ADA and the Unruh Civil Rights Act, Cal. Civ. Code § 51-53 ("Unruh Act"). Defendant moves to dismiss both claims.

## II. LEGAL STANDARD

Fed. R. Civ. Proc. 12(b)(1) states, "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002); *United States v. Hays*, 515 U.S. 737, 742 (1995). Where a defendant brings a facial attack on the district court's subject matter jurisdiction under Rule 12(b)(1), the court "assume[s] [plaintiff's] [factual] allegations to be true and draw[s] all reasonable inferences in his favor." *Wolfe v. Stankman*, 392 F.3d 358, 360 (9th Cir. 2004). Courts do not accept the truthfulness on any legal conclusions contained in the complaint when assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

Unlike a Rule 12(b)(6) motion or a facial Rule 12(b)(1) motion, a factual attack on subject matter jurisdiction under Rule 12(b)(1) gives the district court discretion to

consider extrinsic evidence and, if disputed, weigh the evidence to determine whether the facts support subject matter jurisdiction without converting the motion to dismiss into a motion for summary judgment. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question." *Commodity Trend Service, Inc. v. Commodity Futures Trading Comm'n*, 149 F.3d 679, 685 (7th Cir. 1998).

### III. DISCUSSION

Plaintiff bases his claims on the ADA and the Unruh Act. The ADA prohibits discrimination in places of public accommodation. 42 U.S.C. § 12162(a). Discrimination includes "a failure to remove architectural barriers . . . in existing facilities . . . where such removal is readily achievable."42 U.S.C. § 12182(2)(A)(iv). Any violation of the ADA is also a violation of the Unruh Act. Cal. Civ. Code § 51(f). Thus, Plaintiff argues that since Defendant violated the ADA, Plaintiff is entitled to statutory damages under the Unruh Act.

Defendant moves to dismiss for lack of standing on the ground that Plaintiff has failed to establish an injury-in-fact because he does not allege how the sales counter was noncompliant and how that barrier related to his disability and denied him full and equal access, nor did he allege a sincere intent to return. Defendant also asks the Court to decline to exercise supplemental jurisdiction over the Unruh Act claim.

#### A. The FAC Fails to Allege Facts That Establish ADA Standing.

To show standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). An injury-in-fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent' not 'conjectural' or 'hypothetical.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

3.

An injury is concrete and particularized when a plaintiff suffers discrimination due to barriers at a public accommodation and those barriers have deterred plaintiff from returning. *Doran v. 7-Eleven*, 524 F. 3d 1034, 1041 (9th Cir. 2008). A plaintiff suffers an "actual and imminent" injury when he alleges "(1) that he visited an accommodation in the past; (2) that he was currently deterred from returning to the accommodation because of ADA violations; and (3) that he would return if the ADA violations were remedied." *Id.* (citing *Molski v. Arby's Huntington Beach*, 359 F. Supp. 2d 938, 947 (C.D. Cal. 2005).

"[A]n ADA plaintiff who has been discriminated against in one aspect of public accommodation may, in a single lawsuit, obtain an injunction to prevent impending discrimination on account of his specific disability throughout the accommodation." *Doran*, 524 F.3d at 1047. To establish standing for a claim of injunctive relief as Plaintiff does here, the plaintiff must demonstrate a "real and immediate threat of repeated injury in the future." *Chapman*, 631 F.3d at 946.

In *Chapman*, the plaintiff's complaint alleged that he was "physically disabled," and that he "visited the Store" and "encountered architectural barriers that denied him full and equal access." 631 F.3d at 954. Plaintiff did not allege what exact barriers he encountered or how his disability was affected by the barriers. *Id.* The Ninth Circuit held that the plaintiff lacked standing because he "[left] the federal court to guess" what barriers he encountered, how those barriers deprived him of full and equal access, and how those barriers deterred him from visiting the store. *Id.* at 955.

Here, similarly, Plaintiff fails to fully articulate what barrier he encountered and instead merely alleges conclusions: that Defendant "failed to provide an accessible sales counter," Compl. ¶ 12, and that "[b]y failing to provide an accessible sales counter, the defendants denied the plaintiff full and equal access." *Id.* ¶ 15. Plaintiff does not allege how exactly Defendant's sales counter violated the ADA standards, nor does he allege how the sales counter denied him full and equal access.

Plaintiff argues that courts are required to construe Article III standing liberally

and broadly. *Natl. Fed. Of the Blind of California v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1084 (N.D. Cal. 2015); *see Chapman*, 631 F.3d at 954. However, "a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled." *Id.* (quoting *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Here, given the omissions stated above, the Complaint fails to plead facts establishing an injury.

Although the Court finds that Plaintiff failed to allege certain facts necessary to establish standing, the Court rejects Defendant's other arguments. Defendant argues that Plaintiff failed to plead a plausible and sincere intent to return. However Plaintiff has, at a minimum, alleged that the access barrier deters him from returning. Compl. ¶ 18. This is sufficient to support an actual and imminent injury. *See Doran*, 524 F.3d at 1041. Defendant argues that the Complaint is not plausible and therefore should be dismissed under Rule 12(b)(6). However, Defendant simply states the legal standard and does not elaborate. And, although Defendant claims the Complaint is so lacking it prevents them from assessing Plaintiff's claim, Defendant also contends that they modified the sales counter within days of receiving the summons in this case. *See* Mot. 3:5-9. Thus, Defendant's argument that the Complaint is too vague to meet the plausibility standard is unpersuasive.

### B. The Court Declines Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim.

In light of the Court's dismissal of Plaintiff's ADA claim, the Court declines to exercise supplemental jurisdiction over his Unruh Act claim.

/ / /

/ / /

/ / /

## IV. CONCLUSION

Defendants' Motion to Dismiss is **GRANTED**. Plaintiff's action is **DISMISSED WITH LEAVE TO AMEND.** A First Amended Complaint must be filed within 14 days of the issuance of this order or the action will be dismissed.

Dated: December 5, 2019

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE